UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------  x
MASTER RASHID,                                                :
                                                             :
                              Plaintiff,                      :
                                                             :            **RULING ON MOTION**
              -against-                                       :            **FOR SUMMARY**
                                                             :            **JUDGMENT**
KALICAN KURTULUS, et al.,                                     :
                                                             :            23-CV-722 (VDO)
                              Defendants.                     :
------------------------------------------------------------  x
```

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Master Rashid, a sentenced inmate incarcerated at Corrigan Correctional Center

in Uncasville, Connecticut, brings this action *pro se* and *in forma pauperis* under 42 U.S.C. §

1983. Defendants have filed a motion for summary judgment on the ground that Plaintiff failed

to exhaust his administrative remedies before commencing this action. Plaintiff's response was

due on or before August 15, 2024. However, he has neither filed opposition papers nor sought

additional time within which to do so. For the following reasons, Defendants' motion for

summary judgment is granted and this case is dismissed.

## I.      FACTS[1]

The following facts are relevant to the exhaustion of administrative remedies.

---

[1] The facts are taken from Defendants' Local Rule 56(a) Statements and supporting exhibits. Local Rule 56(a)2
requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately
numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicating whether the opposing party
admits or denies the facts set forth by the moving party. Each denial must include a specific citation to an affidavit or
other admissible evidence. D. Conn. L. Civ. R. 56(a)3.

Defendants informed Plaintiff of his obligation to respond to the motion for summary judgment and the contents
of a proper response. *See* Defs.' Notice to Self-Represented Litigant Concerning Motion for Summary Judgment as
Required by Local R. of Civ. Pro. 56(b), Doc. No. 56-8. Plaintiff has not filed any opposition to the motion for summary
judgment. The fact that Plaintiff is unrepresented does not excuse him from complying with the Court's procedural and
substantive rules. *See Evans v. Kirkpatrick*, No. 08-CV-6358T, 2013 WL 638735, at *1 (W.D.N.Y. Feb. 20, 2013) (citing
*Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006); *see also Jackson v. Onondaga Cnty.*, 549 F.
Supp. 2d 204, 214 (N.D.N.Y. 2008) ("when a plaintiff is proceeding *pro se*, all normal rules of pleading are not
absolutely suspended" (citation and internal quotation marks omitted)). Thus, Defendants' facts, when supported by the

Between October 26, 2021 and February 25, 2022, Plaintiff was incarcerated at MacDougall-Walker Correctional Institution ("MacDougall"). Defs.' Local Rule 56(a)1 Stmt., Doc. No. 56-2, ¶ 4. On February 10, 2022, Plaintiff was involved in an incident with correctional staff resulting from their belief that Plaintiff has assaulted another inmate. *Id.* ¶ 5. As a result of this incident, Plaintiff received three disciplinary reports. *Id.* ¶ 6.

Plaintiff pled not guilty to the first disciplinary report charging him with assault. *Id*. ¶ 7. He voluntarily pled guilty to the second disciplinary report charging him with interfering with safety and security and the third disciplinary report which initially charged him with assault on a correctional employee but was later changed to attempted assault on a correctional employee. *Id*. ¶¶ 8-9. On February 23, 2022, Plaintiff was found guilty of the first disciplinary charge after a hearing and, two days later, was transferred to Cheshire Correctional Institution. *Id*. ¶¶ 10-11.

Plaintiff did not file any administrative grievances regarding the incident at MacDougall. *Id*. ¶¶ 19-21. He did file an appeal of the Disciplinary Action Decision. *Id.* ¶ 22. The appeal was denied on March 25, 2022. *Id*. ¶ 23.

## II.  **LEGAL STANDARD**

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a), Fed. R. Civ. P.; *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113-14 (2d Cir. 2017). "A genuine issue of material fact exists if 'the evidence is such that a

---

evidence of record, are deemed admitted. *See* D. Conn. L. Civ. R. 56(a)3 ("Failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming admitted certain facts that are supported by the evidence in accordance with Local Rule 56(a)1, or in the Court imposing sanctions....").

reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage*, 875 F.3d at 113-14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Which facts are material is determined by the substantive law. *Anderson*, 477 U.S. at 248. "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense." *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). He cannot "rely on conclusory allegations or unsubstantiated speculation' but 'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (quotation marks and citation omitted). To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

Although the court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

III.    **DISCUSSION**

The claims remaining in this action after initial review are Eighth Amendment claims for use of force, failure to intervene, and unconstitutional conditions of confinement. Defendants contend that Plaintiff failed to properly exhaust his administrative remedies on any of these claims before commencing this action.

The Prison Litigation Reform Act ("PLRA") requires a prisoner pursuing a federal lawsuit to exhaust available administrative remedies *before* a court may hear his case. *See* 42 U.S.C. § 1997e(a) (providing in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Ross v. Blake*, 578 U.S. 632, 635 (2016). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA requires "proper exhaustion"; the inmate must use all steps required by the administrative review process applicable to the institution in which he is confined and do so properly. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (exhaustion necessitates "using all steps that the [government] agency holds out and doing so properly"). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador*, 655 F.3d at 96; *see also Jones*, 549 U.S. at 211.

Prisoners "cannot satisfy the PLRA's exhaustion requirement solely by ... making informal complaints" to prison officials. *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007); *see*

*also Day v. Chaplin*, 354 F. App'x 472, 474 (2d Cir. 2009) (summary order) (affirming grant of summary judgment for failure to exhaust administrative remedies and stating that informal letters sent to prison officials "do not conform to the proper administrative remedy procedures"); *Timmons v. Schriro*, No. 14-CV-6606 RJS, 2015 WL 3901637, at *3 (S.D.N.Y. June 23, 2015) ("The law is well-settled that informal means of communicating and pursuing a grievance, even with senior prison officials, are not sufficient under the PLRA.").

The Supreme Court has held that the requirement for proper exhaustion is not met when a grievance is not filed in accordance with the deadlines established by the administrative remedy policy. *Jones*, 549 U.S. at 217-18 (citing *Woodford*, 548 U.S. at 93-95). In addition, exhaustion of administrative remedies must be completed before the inmate files suit. *Baez v. Kahanowicz*, 278 F. App'x 27, 29 (2d Cir. 2008). Completing the exhaustion process after the complaint is filed does not satisfy the exhaustion requirement. *Neal v. Goord*, 267 F.3d 116, 122-23 (2d Cir. 2001); *see also Girard v. Chuttey*, 826 F. App'x 41, 44-45 (2d Cir. 2020) (inmate failed to exhaust administrative remedies because he commenced action in district court before appeal was decided or response period elapsed).

Special circumstances will not relieve an inmate of his obligation to comply with the exhaustion requirement. An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable. *See Ross*, 578 U.S. at 642. The Supreme Court has determined that "availability" in this context means that "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (quotation marks and internal citations omitted).

The *Ross* Court identifies three circumstances in which a court may find that internal administrative remedies are not available to prisoners under the PLRA. *Id.* at 643-44. First, "an

administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id*. at 643. "Next, an administrative remedy scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id*. Finally, an administrative remedy is not "available" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643. The Second Circuit has noted that "the three circumstances discussed in *Ross* do not appear to be exhaustive[.]" *Williams v. Priatno*, 829 F.3d 118, 123 n.2 (2d Cir. 2016). In considering the issue of availability, however, the court is guided by these illustrations. *See Mena v. City of New York*, No. 13-CV-2430(RJS), 2016 WL 3948100, at *4 (S.D.N.Y. July 19, 2016).

The general inmate grievance procedure is set forth in Administrative Directive 9.6. *See* Defs.' Mem., Ex. A Attachment 1, Doc. No. 56-3 at 10-22.[2] An inmate must first attempt to resolve the matter informally. He may attempt to verbally resolve the issue with an appropriate staff member or supervisor. Dir. 9.6(6)(a)(i)(2). If attempts to resolve the matter verbally are not effective, the inmate must make a written attempt using form CN9601 and send the form to the appropriate staff member or supervisor. Dir. 9.6(6)(a)(i)(2-3)*.* If an inmate does not receive a response to the written request within fifteen business days, or the inmate is not satisfied with the response to his request, he may file a Level 1 grievance on form CN9602. Dir. 9.6(6)(a)(ii).

The Level 1 grievance must be filed within thirty calendar days from the date of the

---

[2] The page numbers cited in this ruling to any document that has been electronically filed refer to the page numbers imprinted by the electronic case filing system on the header of the document and not to the page numbers on the original documents if any.

occurrence or discovery of the cause of the grievance and should include a copy of the response to the written request to resolve the matter informally or explain why the response is not attached. *Id.* The Unit Administrator shall respond in writing to the Level 1 grievance within thirty business days of his or her receipt of the grievance. Dir. 9.6(6)(b)(i). The Unit Administrator may extend the response time upon notice to the inmate on the prescribed form. Dir. 9.6(6)(b)(i)(4).

The inmate must appeal the disposition of the Level 1 grievance by the Unit Administrator, or the Unit Administrator's failure to dispose of the grievance in a timely manner, to Level 2. The Level 2 appeal of a disposition of a Level 1 grievance must be filed within five calendar days from the inmate's receipt of the decision on the Level 1 grievance. The Level 2 appeal of the Unit Administrator's failure to dispose of the Level 1 grievance in a timely manner must be filed within sixty-five days from the date the Level 1 grievance was filed by the inmate and is decided by the District Administrator. Dir. 9.6(6)(b)(ii).

Level 3 appeals are restricted to challenges to department policy, the integrity of the grievance procedure, or Level 2 appeals to which there has been an untimely response by the District Administrator. Dir. 9.6(6)(iii).

Plaintiff's claims for use of excessive force, failure to intervene, and unconstitutional conditions of confinement relate to "prison life." As such, Plaintiff was required to exhaust his administrative remedies by filing grievances under Directive 9.6. *See* Dir. 9.6(3)(a) (defining an administrative remedy as "resolution of an inmate's legitimate complaint and/or request for formal review of any issue relating to an inmate's confinement that is subject to the Commissioner of Correction's authority."). The only exceptions are requests for reconsideration of an agency decision or action, matters listed in Directive 9.6(7)(a)(iv), which utilize the Inmate

Appeal Procedure for Administrative Decisions; PREA investigation decisions, Dir. 9.6(8); property claims, Dir.9.6(9)' and health services issues, Dir. 9.6(10). None of Plaintiff's claims are covered by these sections of the directive.

Defendants have submitted a copy of the Administrative Remedies Log from MacDougall for the period from July 1, 2021 through June 30, 2022. Defs.' Mem. Ex. A, Attachment 3, Doc. No. 56-3 at 26-66. Plaintiff filed no grievances during this period. Plaintiff did file an appeal of his disciplinary charge, but that appeal does not exhaust his administrative remedies for any claim in this case.

Although an appeal of a disciplinary finding can, in certain circumstances, constitute an exception to the exhaustion requirement, that is true only where the claim asserted in the complaint is related to the disciplinary finding. *See Paschal-Barros v. Kenny*, No. 3:18-CV-1870(VLB), 2019 WL 2720739, at *5 (D. Conn. June 28, 2019) (citing *Ramirez v. Allen*, No. 3:17-CV-1335(MPS), 2018 WL 5281738, at *7 (D. Conn. Oct. 24, 2018)). Here, Plaintiff's claims that Defendants used excessive force against him, failed to intervene to prevent the use of force, and subjected him to unconstitutional conditions of confinement by restraining him for hours without a bathroom break are not related to the disciplinary charge for assaulting another inmate.

The Second Circuit requires that a grievance afford prison officials sufficient notice of the complaint to afford them the opportunity to address it internally. *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004). As Plaintiff's claims arose after the alleged assault, an appeal of the guilty finding would not put Defendants on notice of the claims asserted in this case. Thus, Plaintiff was required to exhaust his remedies by filing grievances in accordance with Directive 9.6. During his deposition, Plaintiff conceded that he was familiar with the administrative

remedy process. *See* Tr., Doc. No. 56-7 at 6-7. As Plaintiff has submitted no evidence showing that he filed grievances under Directive 9.6, or that the administrative remedy was not available to him, Defendants' motion for summary judgment is granted.

## IV.     <u>CONCLUSION</u>

Defendants' Motion for Summary Judgment on the ground that Plaintiff failed to exhaust his administrative remedies before commencing this action [**Doc. No. 56**] is **GRANTED**. The Clerk is directed to enter judgement and close this case.

**SO ORDERED.**

Hartford, Connecticut
August 30, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge