UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------- x
MASTER RASHID,                                    :
                                                  :
                          Plaintiff,              :
                                                  :                **RULING ON MOTION**
          -against-                               :                **FOR**
                                                  :                **RECONSIDERATION**
KALICAN KURTULUS, et al.,                          :
                                                  :                23-CV-722 (VDO)
                          Defendants.             :
------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Master Rashid, a sentenced inmate incarcerated at Corrigan Correctional Center in Uncasville, Connecticut, brings this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. On August 30, 2024, the Court granted Defendants' motion for summary judgment, noting that Plaintiff had neither filed any opposition to the motion nor sought an extension of time withing which to do so. *See* Doc. No. 58. Plaintiff has filed a motion for reconsideration with evidence that he gave his opposition papers to correctional officials to be sent to the Court in a timely manner. For the following reasons, the motion for reconsideration is granted but the relief requested is denied.

I.    **LEGAL STANDARD**

"Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)); accord *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

To warrant reconsideration, the moving party must "point to controlling decisions or date

that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257; *see also* D. Conn. L. Civ. R. 7(c)1 ("Such motions will generally be denied unless the movant can point to controlling decisions or date that the court overlooked in the initial decision or order.").

## II.   <u>DISCUSSION</u>

Plaintiff seeks reconsideration because the Court did not consider his opposition papers when ruling on the motion for summary judgment. He submits a copy of the papers he claims to have submitted. The papers bear a stamp indicating that they were scanned and emailed to the Court on August 12, 2024. However, the papers were never received. As Plaintiff did all that was required to file his opposition papers on or before the August 15, 2024 deadline, the Court will grant the motion for reconsideration to the extent that the Court will review the opposition papers to determine if anything therein would alter the Court's decision.

### A.   **Defendants Statement of Facts**

In the ruling, the Court accepted as true Defendants' statement of facts. To oppose those facts, Plaintiff was required to submit a Local Rule 56(a)2 Statement containing separately numbered paragraphs corresponding to Defendants' Local Rule 56(a)1 Statement and indicating whether he admits or denies the facts set forth by Defendants. In addition, each denial is required to be supported by a specific citation to admissible evidence. D. Conn. L. Civ. R. 56(a)3.

Defendants informed Plaintiff of this requirement. *See* Defs.' Notice to Self-Represented Litigant Concerning Motion for Summary Judgment as Required by Local R. Civ. Pro. 56(b), Doc. No. 56-8. In his opposition, Plaintiff does not include a Local Rule 56(a)2 Statement. He provides two statements, "Plaintiffs Disputing the Facts of Defendants Summary Judgment

2

Motion," and "Plaintiffs Declaration/Affidavit of Facts in Opposition to Defendants Motion for Summary Judgment," neither of which includes the required citations. The fact that Plaintiff is unrepresented does not excuse him from complying with the Court's procedural and substantive rules. *See Evans v. Kirkpatrick*, No. 08-CV-6358T, 2013 WL 638735, at *1 (W.D.N.Y. Feb. 20, 2013) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)); *see also Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 214 (N.D.N.Y. 2008) ("when a plaintiff is proceeding *pro se*, all normal rules of pleading are not absolutely suspended" (citation and internal quotation marks omitted)).

Further, none of Plaintiff's statements contradict the facts set forth in Defendants' Local Rule 56(a)1 Statement. Thus, reconsideration is not warranted as to any facts accepted as true in ruling on the motion for summary judgment.

**B.      Exhaustion of Administrative Remedies**

The claims remaining after initial review were Eighth Amendment claims for use of force, failure to intervene, and unconstitutional conditions of confinement. The motion for summary judgment asserted only one ground for relief, failure to properly exhaust administrative remedies.

Plaintiff was required to exhaust all available remedies before commencing this action. *See Jones v. Bock*, 549 U.S. 199, 218 (2007) (Prison Litigation Reform Act requires "proper exhaustion"; inmate must use all steps required by the administrative review process applicable to the institution in which he is confined and do so properly) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *Baez v. Kahanowicz*, 278 F. App'x 27, 29 (2d Cir. 2008) (exhaustion of administrative remedies must be completed before inmate files suit).

The general inmate grievance procedure is set forth in Administrative Directive 9.6. *See* Defs.' Mem., Ex. A Attachment 1, Doc. No. 56-3 at 10-22. As the Court explained, Plaintiff's remaining claims concern "prison life" and, therefore, must be exhausted using the procedures in Directive 9.6. Defendants presented evidence that Plaintiff did not file any grievances. He only filed an appeal of the disciplinary hearing, which is an exception to the general grievance procedures.

Plaintiff argues that filing the disciplinary appeal satisfied the exhaustion requirement for his claims in this action. Plaintiff is mistaken. An appeal of a disciplinary finding can be an exception to the exhaustion requirement only when the claim asserted in the complaint is related to the disciplinary finding. *See Paschal-Barros v. Kenny*, No. 3:18-CV-1870(VLB), 2019 WL 2720739, at *5 (D. Conn. June 28, 2019) (citing *Ramirez v. Allen*, No. 3:17-CV-1335(MPS), 2018 WL 5281738, at *7 (D. Conn. Oct. 24, 2018)).

Plaintiff's disciplinary charge was for assaulting another inmate. In this action, Plaintiff does not challenge the disciplinary finding or allege that he was not afforded due process at the disciplinary hearing. Instead, his claims are that Defendants used excessive force against him, failed to intervene to prevent the use of force, and subjected him to unconstitutional conditions of confinement by restraining him for hours without a bathroom break. Although these claims arose from the same incident that underlies the disciplinary charge, they are separate claims which had to be exhausted by filing grievances under Directive 9.6. Plaintiff's opposition papers support the Court's conclusion that he did not file any grievances relating to the claims remaining in this case. Thus, there is no basis to alter the Court's conclusion that Plaintiff failed to properly exhaust his administrative remedies before commencing this action.

III.   **CONCLUSION**

Plaintiff's Motion for Reconsideration [**Doc. No. 59**] is **GRANTED** but, after careful

consideration, the relief requested is **DENIED**.

**SO ORDERED.**

Hartford, Connecticut
September 6, 2024

                                             /s/Vernon D. Oliver
                                            VERNON D. OLIVER
                                            United States District Judge